UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRINITY GRAPHIC, USA, INC.,
a Florida corporation,

    Plaintiff,

v.                                        CASE NO.: 8:18-cv-230-T-24MAP

TERVIS TUMBLER COMPANY,
a Florida corporation, SOUTHERN
GRAPHICS, INC., a Delaware corporation,
and SGS INTERNATIONAL, LLC, a
Delaware limited liability company,

    Defendants.
_____/

## ORDER

Two attorneys from Shumaker, Loop & Kendrick, LLP, ("SLK") previously provided legal services to Plaintiff. SLK subsequently appeared on behalf of Defendant Tervis Tumbler Company in this action for misappropriation of trade secrets filed by Plaintiff. Before the Court is Plaintiff's Motion to Disqualify Tervis Tumbler Company's Counsel (doc. 43). Defendant Tervis filed a Response in Opposition (doc. 52),[1] Plaintiff filed a Reply (doc. 57), and Defendant filed a Sur-Reply (doc. 61). Plaintiff seeks to disqualify opposing counsel SLK from representing Defendant Tervis (doc. 50) alleging that an impermissible conflict of interest exists. The Court finds, however, that Plaintiff is a former SLK client in an unrelated matter from 2016 such that no conflict of interest exists, and Plaintiff's motion is due to be denied.

---

[1]The unredacted version of Defendant Tervis's response and affidavits in support are filed under seal at documents 63-66.

Motions to disqualify opposing counsel are "'generally viewed with skepticism because . . . [they] are often interposed for tactical purposes.'" *Snipes v. Volusia County*, 6:14-cv-413-Orl-28TBS, 2014 WL 2722354, at *3 (M.D. Fla. June 16, 2014) (quoting *Yang Enterprises, Inc. v. Georgalis*, 988 So.2d 1180, 1183 (Fla. 1st DCA 2008)). Motions to disqualify are governed by the local rules of the court in which the attorneys appear and federal common law.[2] *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

A party is presumptively entitled to the counsel of his choice; a court may override this right only in compelling circumstances. *Quality Air Conditioning Co., Inc. v. Vrastil*, 895 So.2d 1236, 1237 (Fla. 4th DCA 2005). "Disqualification of a party's chosen attorney is an extraordinary remedy that should be resorted to only sparingly." *Steinberg v. Winn-Dixie Stores, Inc.*, 121 So.3d 622, 624 (Fla. 4th DCA 2013) (citation and quotations omitted). The movant bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)(citing *Duncan v. Merrill Lynch*, 646 F.2d 1020, 1028 (5th Cir. Unit B 1981), *rev'd on other grounds*)

Plaintiff argues that SLK is *per se* ineligible to participate in this action pursuant to Rule 4-1.7 of the Rules of Professional Conduct because it previously concurrently represented the parties. The Court, however, finds that Plaintiff has failed to establish that SLK concurrently represented Plaintiff and Defendant Tervis,. See *In re Servico, Inc.*, 149 B.R. 1009, 1010 (Bankr. S. D. Fla. 1993); *Fenik v. One Water Place*, No. 3:06cv514/RV/EMT, 2007 WL 527997 (N. D.

---

[2] Members of the bar of the United States District Court for the Middle District of Florida are governed by the Florida Rules of Professional Conduct, contained in the Rules Regulating the Florida Bar, and judicial decisions interpreting these rules. L.R. 2.04(d), M.D. Fla.

Fla. Feb. 14, 2007). Plaintiff's belief that it had a continuing relationship with SLK after the conclusion of the matter for which it hired SLK is insufficient. "[A] party's subjective 'thoughts' that an attorney-client relationship exists, in the absence of facts clearly showing such belief is reasonable, is insufficient to support disqualification." *Id.* at *5 (citing *Gen. Elec. Real Estate Corp. v. Weisberg, Inc.*, 605 So.2d 955, 956 (Fla. 4th DCA 1992)).

It is undisputed, however, that Plaintiff is a former SLK client. As such, a request to disqualify an attorney for conflicts of interest with a former client is tested against Rule 4-1.9 of the Rules of Professional Conduct, contained in the Rules Regulating the Florida Bar. This Rule provides:

> A lawyer who has formerly represented a client in a matter must not afterwards:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
> (c) reveal information relating to representation except as these rules would permit or require with respect to a client.

R. Regulating Fla. Bar 4-1.9.

The Comment to this Rule explains:

> Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client.

R. Regulating Fla. Bar 4-1.9 cmt.

After considering Rule 4-1.9, case law, and the parties' briefs, I find that Plaintiff has not met its burden of demonstrating circumstances that are compelling enough to override the presumption that Defendant is entitled to counsel of its choice. Plaintiff has not shown that this

action, in which SLK represents Defendant Tervis, is the same as or substantially related to SLK's former representation of Plaintiff. In contrast, Defendant Tervis has affirmatively established that the two representations are different in both subject matter and type. SLK's representation of Plaintiff was limited to the filing of a provisional patent application unrelated to the trade secrets at issue in the instant litigation.

The Court notes that Plaintiff's motion is unverified. Plaintiff suggests that the motion provides "only generic descriptions of the at-issue communications and representation" to avoid waiving attorney-client privilege between Plaintiff and SLK and offers to provide additional details and supporting evidence for an *in camera* review, if requested (*see* doc. 43 at 2 n.3). This offer, however, does not suffice when bearing the burden of proof. Defendant Tervis provided sworn affidavits with detailed information regarding the scope and timing of SLK's limited representation of Plaintiff, the nature of the information exchanged, the amount of the retainer associated with the representation, and the number of hours each attorney billed for the representation, which provide ample proof that its representation of the two parties was not concurrent and was not substantially related.

Plaintiff, in an attempt to counter the affidavits filed by Defendant Tervis and presumably rectify the unverified nature of its motion, attached the Declaration of Robert Smithson, Plaintiff's President and Chief Executive Officer, to its reply. The Smithson Declaration alleges that during his initial consultation meeting with SLK, "SLK received information about Trinity's business, its various printed products including the Dekomats and Trinity Wrap, the printing methods for those products, and Trinity's business relationship with Tervis" (doc. 57-1 at ¶5). Even assuming that the declaration was appropriate as an attachment to Plaintiff's reply and the

4

Court should otherwise consider the declaration, it does not outweigh the evidence proffered by Defendant Tervis. It does not establish that the two representations are substantially related, nor does it establish that SLK has information that would put Plaintiff at a disadvantage in this litigation. Accordingly, Plaintiff fails to establish a grounds for disqualification.

Plaintiff mentions addressing Defendant Tervis's affidavits in "greater depth at a hearing on the Motion" (doc. 57 at 1 n.2). This, Plaintiff's first mention of a hearing, is also made in its reply (doc. 57) and seems to presume a forthcoming hearing. Similarly, Plaintiff protests that the record on this motion is not complete and that "[t]he underlying issue is not yet ripe for a ruling and as indicated in the Motion, Plaintiff is prepared to present documentary evidence *in-camera* to preserve Trinity's attorney-client privilege with SLK" (doc. 57 at 7). This, however, is not how motions are taken under advisement and decided in the Middle District of Florida. Pursuant to Local Rule 3.01(j), "[m]otions and other applications will ordinarily be determined by the Court on the basis of the motion papers and briefs or legal memoranda; provided, however, the Court *may* allow oral argument upon the written request of any interested party or upon the Court's own motion." L.R. 3.01(j), M.D. Fla. (emphasis added); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987) ("Generally, a district court has discretion not to hear oral testimony on motions.")(citation omitted). As pointed out by Defendant Tervis, litigants must presume that their motions will be decided without an opportunity for a reply or a hearing and should, therefore, submit all relevant evidence with their original motion or response. Here, both parties have had sufficient opportunity to brief the Court and submit evidence, and the Court has no need for further argument. Thus, Plaintiff's request

5

for oral argument is denied.

It is ORDERED:

(1) Plaintiff's Motion to Disqualify Tervis Tumbler Company's Counsel (doc. 43) is

**DENIED**.

DONE AND ORDERED in Tampa, Florida on July 30, 2018.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE