# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION


TRINITY GRAPHIC, USA, INC.,

       Plaintiff,

v.                                                                    Case No.: 8:18-cv-230-T-24MAP


TERVIS TUMBLER COMPANY,
SOUTHERN GRAPHICS, INC., and
SGS INTERNATIONAL, LLC.

       Defendants.

_____/


## ORDER

This cause comes before the Court on Defendant Tervis Tumbler Company's Motion to

Dismiss Plaintiff's Amended Complaint (Doc. 44) and Defendants' Southern Graphics, Inc. and SGS

International, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 45)  pursuant to

Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response in opposition to each motion

(Doc. 50 and 51). Defendants then filed a joint reply (Doc. 58). As explained below, Defendants'

motions are **DENIED**.

### I.      Background

Plaintiff, Trinity Graphic, USA, Inc., filed its Amended Complaint against Defendants Tervis

Tumbler Company ("Tervis"), Southern Graphics, Inc. ("Southern"), and SGS International, LLC.

("SGS")[1] on April 17, 2018.

Plaintiff is a small Florida-based digital print solutions company that specializes in developing state-of-the-art printing technology. (Doc. 42 at ¶ 6). Defendant, Tervis, is a Florida-based company nationally known for manufacturing insulated double-walled cups known as "tumblers." (Doc. 42 at ¶ 16). Tervis tumblers are unique because they are customized with "tumbler inserts," designs inserted between the double-wall of the tumblers. (Doc. 42 at ¶ 17). These tumbler inserts often consist of licensed imagery, designs, and logos. (Doc. 42 at ¶ 17). For many years, the Tervis tumbler inserts were made from single-sided flat images, often in the form of a fabric patch. (Doc. 42 at ¶ 17). Plaintiff developed technology, processes, and procedures known collectively as the "Trinity Wrap," which allowed it to print specialized, high-quality graphics on Tervis's drinkware and became one of Tervis's leading suppliers. (Doc. 42).

In this action, Plaintiff alleges that Tervis conspired with the SGS Defendants to steal its trade secrets worth millions of dollars and cut Plaintiff out of the market. (Doc. 42 at ¶ 1). Plaintiff alleges that Tervis grew tired of paying Plaintiff for its specialized printing technique, and when Tervis failed to replicate the process on its own, formulated a plan to trick Plaintiff into sharing its printing techniques while stealing its trade secrets. (Doc. 42 at ¶ 2). Plaintiff further alleges that the SGS Defendants were Tervis's willing co-conspirators that aided Tervis's fraud and theft of Plaintiff's trade secrets, and assured Tervis that they could provide it the same printing service once they obtained the right information from Plaintiff. (Doc. 42 at ¶ 2).

Plaintiff pleads these allegations in a six-count Amended Complaint against Tervis and the

---

[1] Defendant, Southern Graphics, Inc., is the parent company of Defendant, SGS International, LLC. (Doc. 42 at ¶9). For clarity, these two Defendants will be referred to collectively as "the SGS Defendants."

SGS Defendants: Count I, Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836(b) as to Tervis; Count II, Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836(b) as to Southern; Count III, Breach of Confidentiality and Non-Disclosure Agreement; Count IV, Fraud as to Tervis; Count V, Aiding and Abetting Fraud as to the SGS Defendants; and Count VI, Civil Conspiracy as to all Defendants. (Doc. 42).

Tervis and the SGS Defendants now move to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 44 and 45). Additionally, Defendants' motions to dismiss allege that Plaintiff's Amended Complaint fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), or in the alternative, the requirements of Fed. R. Civ. P. 8(a)(2). (Doc. 44 and 45).

Specifically, Tervis argues that Count I of the Amended Complaint should be dismissed because Plaintiff fails to establish that its methods and processes satisfy the statutory definition of "trade secrets" pursuant to 18 U.S.C. § 1839(3); and Plaintiff fails to establish that Tervis's actions constitute "misappropriation" pursuant to 18 U.S.C. § 1839(5). (Doc. 44, p. 2). As to Count III, Tervis argues that dismissal is appropriate because the Non-Disclosure Agreement ("NDA") entered into between Plaintiff and Tervis specifically excludes "techniques" from the NDA's definition of "Confidential Information." (Doc. 44, p. 3). Tervis argues that Count IV should be dismissed because Plaintiff fails to plead with particularity the circumstances constituting fraud in conformance with Fed. R. Civ. P. 9(b). (Doc. 44, p. 4). Finally, Tervis argues that Count VI for Civil Conspiracy should be dismissed based on Plaintiff's failure to allege a valid claim for misappropriation of trade secrets and fraud. (Doc. 44, p. 4).

The SGS Defendants' Motion to Dismiss is likewise brought pursuant to Fed. R. Civ. P.

12(b)(6). (Doc. 45). First, the SGS Defendants argue that Plaintiff fails to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b) in its allegations of fraud. (Doc. 45 at ¶ 8a). Second, the SGS Defendants argue that Count V fails to sufficiently plead the "substantial assistance element" of aiding and abetting fraud. (Doc. 45 at ¶ 8b). As for Count III, the SGS Defendants posit that since they were not a party to the NDA between Plaintiff and Tervis, Count III should be dismissed. (Doc. 45 at ¶ 8c). Finally, the SGS Defendants argue that Count VI should be dismissed because Plaintiff fails to show the existence of an underlying tort and the allegation of civil conspiracy is not pleaded with the particularity required under the Federal Rules of Procedure. (Doc. 45 at ¶ 8d).

In response to Defendants' motions to dismiss, Plaintiff argues that it has adequately and specifically pleaded its claims pursuant to 18 U.S.C. § 1839(3), and that many of the issues Defendants raise are questions of fact to be resolved by a jury after full presentation of the evidence. (Doc. 50 at page 3 and Doc. 51 at page 4).

The SGS Defendants filed a reply to Plaintiff's opposition to its motion to dismiss wherein it reiterated its arguments regarding Plaintiff's failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). (Doc. 58).

## II.      Standard of Review and Applicable Law

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  *See Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon

which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's) right to relief above the speculative level." *Id*. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

**III. Discussion**

Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff maintains that the Amended Complaint contains a sufficient factual predicate to survive the Motions to Dismiss. The Court agrees with Plaintiff. Defendants hold Plaintiff to pleading standards far beyond those contemplated in the Federal Rules of Civil Procedure. Defendants' Motions to Dismiss are more akin to motions for summary judgment in that they argue the truth and plausibility of Plaintiff's facts and evidence. At this stage the Court must view Plaintiff's allegations as true and consider them in the light most favorable to Plaintiff. A full adjudication of all disputed facts is not required at this point in the proceedings. The Court finds that Plaintiff pleaded its allegations sufficiently and with enough particularity to give Defendants fair notice of what the claims are, and the allegations are sufficient to allow Plaintiff to conduct discovery.

**A.  Count I - Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836(b) as to Defendant Tervis**

In Count I of the Amended Complaint, Plaintiff alleges that Defendant Tervis misappropriated its trade secrets that comprise the methods, processes, procedures, and techniques for printing the Trinity Wrap. Defendant Tervis contends that, among other things, the Trinity Wrap techniques and processes are not trade secrets as defined by the applicable statute and that Tervis's alleged actions do not constitute misappropriation.

The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. 1836(b)(1), created a private civil cause of action for trade secret misappropriation in which "[a]n owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *Defend Trade Secrets Act of 2016*, S. 1890, 114th Cong. § 2 (2016). The DTSA broadly defines a "trade secret" as

> [A]ll forms of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if–
>> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3) (2016).

> Under the DTSA, "misappropriation" means–
>
> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (B) disclosure or use of a trade secret of another without express or implied consent

by a person who–
> (i) used improper means to acquire knowledge of the trade secret;
> (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was–
> > (I) derived from or through a person who had used improper means to acquire the trade secret;
> > (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> > (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (iii) before a material change of the position of the person, knew or had reason to know that–
> > (I) the trade secret was a trade secret; and
> > (II) knowledge of the trade secret had been acquired by accident or mistake[.]

18 U.S.C. § 1839(5) (2016).

A plaintiff bringing a claim under the DTSA must plausibly allege that it (i) "possessed information of independent economic value" that (a) "was lawfully owned by" the plaintiff and (b) for which the plaintiff "took reasonable measures to keep secret," and (ii) the defendant "used and/or disclosed that information," despite (iii) "a duty to maintain its secrecy." *Primo Broodstock, Inc., v. Am. Mariculture, Inc.,* 2017 WL 1502714, at \*11 (M.D. Fla. Apr. 27, 2017). *See also Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir. 1998).

In its Motion to Dismiss, Defendant Tervis first contends that it is entitled to dismissal with prejudice because the Amended Complaint fails to establish that the processes used to create the Trinity Wrap meet the statutory elements necessary to constitute "trade secrets." (Doc. 44 at p. 2). Particularly, Tervis argues that it was already an "owner" of the alleged trade secrets years prior to Plaintiff's disclosure and that Plaintiff failed to take the reasonable measures necessary to keep the trade secrets "secret," as required by 18 U.S.C. § 1839(3). Defendant Tervis also argues that Plaintiff

contractually granted licensing rights to Tervis, granted Tervis access to Plaintiff's operations, and failed to limit Tervis's use of the techniques all by terms set forth in the Master Agreement ("MA"). Next, Defendant Tervis argues that Plaintiff fails to establish that its actions constituted "misappropriation" pursuant to 18 U.S.C. § 1839(5). Finally, Defendant Tervis argues it is entitled to dismissal because Plaintiff does not plead a claim for relief regarding misappropriation in conformance with the heightened pleading requirements of Fed. R. Civ. P. 9(b) or 8(a)(2).

The question of whether information constitutes a trade secret is a question of fact normally resolved by a jury after full presentation of evidence. *Lear Siegler, Inc., v. Ark-Ell Springs, Inc.,* 569 F.2d 286, 289 (5th Cir. 1978). Therefore, interpretation of the MA's language, whether the MA created licensing rights between the parties, the nature of Defendant Tervis's access to Plaintiff's operations, and to what degree Plaintiff limited Tervis's use of its techniques and processes are factual inquiries better left for a motion for summary judgment or a jury.

The misappropriation allegations, whether or not Defendant Tervis's actions were improper and met the statutory definition of "misappropriation" are also questions of fact that cannot be resolved on a motion to dismiss. The Amended Complaint contains detailed allegations that Tervis misappropriated Plaintiff's trade secrets by acquiring them through improper means and disclosing them to third parties. (Doc. 42 at ¶¶ 94–100, 105–109, 139–141, 143, 146–148).

Finally, Plaintiff satisfies its pleading burden pursuant to Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to ensure defendants have "notice of the conduct complained of," so they have "sufficient information to formulate a defense." *Wagner v. First Horizon Pharm. Corp.,* 464 F. 3d 1273, 1277 (11th Cir. 2006). Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006). Here, the

Amended Complaint satisfies the pleading requirements of Rule 9(b). Plaintiff names specific Tervis and Southern employees *who* carried out the misappropriation on behalf of their respective companies (Doc. 42 at ¶¶ 61–63, 65–66, 74–75, 85, 88, 94–99, and 118). Plaintiff details the chain of events and actions involved in the alleged misappropriation and fraud. (Doc. 42 at ¶¶ 51, 53–54, 65, 69–70, 72, 74–75, 86–87, 93–109, 112–113, 120–122, 127–129). Additionally, Plaintiff gives specific dates *when* it believes the misappropriation scheme and fraud occurred. (Doc. 42 at ¶¶ 62–63, 74–74, 87–90, 94, 97–99, 102–104, 106–109, 112–115, 118, 120, 122, 128, and 130). Plaintiff also states specifically *where* it believes Defendants carried out their fraudulent conduct. (Doc. 42 at ¶¶ 6–9, 64, 80–81, 85–87, 93, and 105–107). Finally, Plaintiff explains specifically *how* it believes Defendants carried out the scheme to misappropriate its trade secrets. (Doc. 42 at ¶¶ 51, 69–70, 74–75, 88–90, 92, 95–99, 102–106, 112–115, and 118).

Plaintiff's allegations in Count I sufficiently put Defendant Tervis on notice of the nature of the misappropriation claim against it and the grounds upon which that claim rests.

B. **Count II - Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836(b) as to Defendant Southern**

Plaintiff also alleges that Defendant Southern engaged in misappropriation of trade secrets in violation of the DTSA when it knowingly acquired Plaintiff's trade secrets from Defendant Tervis who was under a duty[2] to maintain their confidentiality. In response, the SGS Defendants argue that

---

[2] According to the Amended Complaint, Southern tried numerous times to replicate Plaintiff's processes used to create the Trinity Wrap and was unsuccessful. Thereafter, Plaintiff and Defendant Tervis entered into a non-disclosure agreement (the subject NDA), so that Plaintiff could continue its business relationship with Defendant Tervis while still safeguarding the techniques used to create the Trinity Wrap. Plaintiff claims Southern was aware of the NDA between Plaintiff and Defendant Tervis, but nevertheless began production of its version of the Trinity Wrap after having received Plaintiff's protected information from Tervis.

Plaintiff's stated allegations are conclusory and pleaded without particularity as required by Fed. R. Civ. P. 9(b).

The same sections of the DTSA cited above as to Defendant Tervis, and the analysis that followed, are applicable to the SGS Defendants' position that Count II should be dismissed with prejudice. Plaintiff pleads allegations against Defendant Southern that satisfy each requirement set forth in the plain language of the DTSA with the particularity required by Rule 9(b).

Furthermore, Plaintiff makes specific allegations regarding its misappropriation claim against Defendant Southern. A claim for misappropriation may exist not only where the defendant itself is alleged to have stolen trade secrets, but also where the defendant is alleged to have obtained the trade secrets while knowing that they were acquired by improper means. 18 U.S.C. § 1839(5)(A) (2016). Plaintiff's Amended Complaint contains allegations of Southern's knowledge of how Defendant Tervis acquired  Plaintiff's trade secrets and Southern's role in said acquisition. (Doc. 42 at ¶¶ 60–70, 80–87, 93–99, and 105–109).  Plaintiff's allegations in Count II sufficiently put Defendant Southern on notice of the specific nature of the misappropriation claim against it and the grounds upon which that claim rests.

C.      **Count III - Breach of Confidentiality and Non-Disclosure Agreement**[3]

Count III of Plaintiff's Amended Complaint alleges that Defendant Tervis materially breached the terms of the NDA when it disclosed Plaintiff's trade secrets to Defendant Southern without Plaintiff's authorization. Defendant Tervis advances two arguments to support dismissal of Count III. First, Defendant Tervis argues that the NDA governs disclosure of confidential

---

[3] The heading of Count III does not identify the defendant to which it applies and the body of Count III only references Defendant Tervis. For this reason, the Court assumes Count III only applies to Defendant Tervis.

information, not trade secrets. Second, Defendant Tervis argues that Plaintiff pleads conclusory statements and not facts entitling it to relief.

The Court need not address the detailed language of the NDA and factual discrepancies Defendant Tervis raises at this juncture. The Court's inquiry is limited to whether Plaintiff's allegations in Count III pass muster under Fed. R. Civ. P. 8(a)(2). A breach of contract claim must allege the following elements: (1) a contract; (2) a breach of the contract; and (3) damages resulting from the breach of the contract. *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006). Neither Defendant Tervis nor Plaintiff dispute the NDA is a contract; therefore, the first element is satisfied. The questions then become whether and to what extent the NDA was breached; and what, if any, damages Plaintiff incurred from said breach. The answers to those questions involve a close examination of the facts, which the Court will not undertake at this stage.

Plaintiff's allegations that Defendant Tervis breached the NDA by disclosing its trade secrets to Defendant Southern, and as a result Plaintiff suffered damages, satisfies the mandates of Fed. R. Civ. P. 8(a)(2). Plaintiff's allegations sufficiently put Defendant Tervis on notice of the claim against it and the grounds upon which that claim rests. Count III, therefore, is not subject to dismissal.

### D.     Count IV - Fraud as to Defendant Tervis

Plaintiff alleges in Count IV that Defendant Tervis intentionally made false representations aimed at inducing Plaintiff to divulge its trade secrets. Defendant Tervis argues that it is entitled to dismissal of the fraud claim because Plaintiff failed to state with particularity the circumstances constituting fraud as required by Fed. R. Civ. P. 9(b). Furthermore, Defendant Tervis argues that Plaintiff failed to establish that the fraud claim is independent from Plaintiff's claim in Count III for breach of the NDA.

Defendant Tervis contends, and the Court agrees, that Count IV of the Amended Complaint is subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). Rule 9(b) provides, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This particularity requirement "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1370-71 (citing *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511-12 (11th Cir. 1988)). A complaint satisfies Rule 9(b) if it sets forth: (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff; and (4) the defendant's gain due to the alleged fraud. *See id.* at 1371.

Count IV of the Amended Complaint satisfies the mandates for pleading fraud as required by Fed. R. Civ. P. 9(b). Plaintiff identifies (1) the exact statements or omissions Defendant Tervis made (Doc. 42 at ¶¶ 45–47, 51, 53, 70–76, 80, 88–90, 94–100, 112–114, 118–119, 183–188); (2) the time and place of each such statement and who made the statement or omission (Doc. 42 at ¶¶ 51, 53, 74–75, 88–90, 94–100, 118, Exs. B, C, D, E, and F); (3) the substance of Defendant Tervis's statements and how they misled Plaintiff (Doc. 42 at ¶¶ 45–7, 51, 53, 70–76, 80, 88–90, 94–00, 112–114, 118–119, 183–188); and (4) Defendant Tervis's gain due to the alleged fraud (Doc. 42 at ¶¶ 106–110, 112–114, 118–122, 126–130).

In addition, Plaintiff's allegations in Count IV are separate and independent from the breach of contract claim. Specially, Plaintiff alleges that Defendant Tervis induced Plaintiff to enter into an

NDA when Defendant Tervis had no intention of adhering to it. (Doc. 42 at ¶¶ 93–101, 105–107, 183). The alleged fraud in the inducement is separate and independent of Defendant Tervis's performance or non-performance under the NDA. For these reasons, Count IV of Plaintiff's Amended Complaint will not be dismissed.

### E.      Count V - Aiding and Abetting Fraud as to the SGS Defendants

Plaintiff alleges in Count V of its Amended Complaint that the SGS Defendants knew of Defendant Tervis's fraudulent conduct and provided substantial assistance to Defendant Tervis to advance the commission of the fraud. The SGS Defendants argue that they are entitled to dismissal of Count V because Plaintiff does not plead the "substantial assistance" element of aiding and abetting fraud with the particularity required under Rule 9(b).

In *Chang v. JP Morgan Chase Bank,* 845 F.3d 1087, 1097 (11th Cir. 2017), the Eleventh Circuit acknowledged that although Florida courts have not recognized a specific cause of action for aiding and abetting fraud, the courts acknowledge its existence and have articulated the following elements: "(1) the existence of an underlying fraud; (2) that the defendant had knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the commission of the fraud." *Id.* at 1097-98 (internal quotations omitted). A defendant provides "substantial assistance" when it "affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." *Id*.

Plaintiff sufficiently pleads the existence of an underlying fraud by Defendant Tervis. The second element, whether the SGS Defendants had knowledge of the fraud, is not subject to the particularly requirement. *Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbot,* 561 F.

App'x. 882, 884 (11th Cir. 2014). Furthermore, knowledge, level of intent, and state of mind involve consideration of a number of factors and are evaluated under the totality of the circumstances. *Woods v. Barnett Bank,* 765 F.2d 1004, 1009-10 (11th Cir. 1985). Weighing the sufficiency of factual issues involving the degree of the SGS Defendants' assistance to Defendant Tervis are inappropriate at this early pleading stage and are better addressed at summary judgment.

In alleging the third element of aiding and abetting fraud, "substantial assistance," Plaintiff sets forth six instances of how the SGS Defendants allegedly substantially assisted Defendant Tervis's fraud. (Doc. 42 at ¶¶ 191–194a-f, 195, and Exs. D, E, and F). The Amended Complaint contains sufficient allegations to support the "substantial assistance" element of the aiding and abetting fraud claim. Plaintiff's allegations provide the SGS Defendants with notice of the claims against them in compliance with Fed. R. Civ. P. 8(a)(2) and the allegations comply with Fed. R. Civ. P. 12(b)(6) in that they sufficiently state a claim for which relief can be granted. Finally, Count V, as a whole, is pleaded with enough particularity to meet the heightened pleading standards of Fed. R. Civ. P. 9(b). Therefore, dismissal of Count V is not warranted.

F.      **Count VI - Civil Conspiracy as to all Defendants**

Finally, in Count VI, Plaintiff alleges that Tervis and the SGS Defendants engaged in a civil conspiracy to defraud Plaintiff, steal its trade secrets, and eliminate it from the market. Defendant Tervis argues that it is entitled to dismissal of this claim because Plaintiff fails to sufficiently plead the underlying torts of misappropriation of trade secrets and fraud that are required to establish a civil conspiracy claim. The SGS Defendants argue that Plaintiff fails to adequately plead that they aided and abetted fraud and, therefore, the civil conspiracy claim fails. In the alternative, Defendants

argue that the civil conspiracy claim does not meet the particularity requirements of Fed. R. Civ. P. 9(b).

To state a claim for civil conspiracy, a plaintiff must allege "(1) an agreement between two or more parties, (2) to do an unlawful act, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the act performed in furtherance of it." *RMS Titanic, Inc v. Kingsmen Creatives, Ltd.,* 579 F. App'x 779, 789 (11th Cir. 2014) (citing *Walters v. Blankenship,* 931 So.2d 137, 140 (Fla. Dist. Ct. App. 2006)). Plaintiff sets forth specific allegations as to each element in its Amended Complaint: (1) an agreement between Tervis and the SGS Defendants, (2) to do an unlawful act (Doc. 42 at ¶¶ 2–3, 93–100, 198–200, and Exs. D, E, and F); (3) overt acts in furtherance of the conspiracy (Doc. 42 at ¶¶ 3, 115, 120, 124, 127–131, and 201); and (4) damage to Plaintiff. (Doc. 42 at ¶¶ 4, 126–131, and Ex. H).

Furthermore, when bringing a claim for aiding and abetting, general allegations about the *nature* of the conspiracy are sufficient, even under Rule 9(b), where information about the extent of the alleged conspiracy is within the defendants' exclusive control. *United States v. Baxter Int'l, Inc.,* 345 F.3d 866, 881–82 (11th Cir. 2003). It is sufficient for the plaintiff "to detail the relevant aspects of the underlying fraud . . . to explain the factual basis for concluding that defendants were aware of the fraud; and, to explain the factual basis for determining that they substantially assisted in its commission." *Id; See also, Freeman v. Sharpe Res. Corp.*, 2013 WL 2151723, at \*10 (M.D. Fla. May 16, 2013) ("[A]bsolute particularity is not required, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery.").

Plaintiff's conspiracy allegations, as pleaded in Count VI, satisfy the heightened pleading requirements of Rule 9(b). The Court already determined that Plaintiff sufficiently pleaded the underlying torts of misappropriation, fraud, and aiding and abetting fraud. Dismissal of Count VI is, therefore, not appropriate at this stage and Defendants' motions to dismiss Count V of Plaintiff's Amended Complaint are denied.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant Tervis Tumbler Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 44) and Defendants' Southern Graphics, Inc., and SGS International, LLC's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 45) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida this 30th day of July, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record